**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PHILLIP WOOD, | : | |
| | : | Civil Action No. 05-4947 (SRC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| DEPARTMENT OF CORRECTIONS, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES**:

Plaintiff pro se
Phillip Wood
Ann Klein Forensic Center
P.O. Box 7717
West Trenton, NJ 08628

**CHESLER**, District Judge

Plaintiff Phillip Wood seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's consolidated Complaints[1] and are accepted as true for purposes of this review.

Plaintiff is a civilly-committed mental patient.[2]  He contends that he is illegally involuntarily committed in violation of New Jersey statutes because he does not require psychiatric treatment.  He names as defendants the Department of Corrections, the Office of the Commissioner of the Department of Human Services, Commissioner James Davy, and certain John Does.  Plaintiff seeks an order of investigation and compensatory damages.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious,

---

[1] By Order entered February 17, 2006, Civil Actions Nos. 05-4947 and 05-4948 were consolidated for all purposes, with Civil Action No. 05-4947 as the lead case.

[2] Plaintiff is a frequent litigator known to this Court. Plaintiff has been in the custody of the State of New Jersey, pursuant to the authority of State v. Krol, 68 N.J. 236 (1975), having been found not guilty of homicide by reason of insanity and having been adjudicated dangerous to others.  He has been diagnosed as suffering from paranoid schizophrenia and has been on Krol status since 1981.  See Wood v. Main, Civil Action No. 00-3060 (SRC).

fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

### III.   <u>SECTION 1983 ACTIONS</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV. <u>ANALYSIS</u>

Plaintiff's challenge to the lawfulness of his confinement must be brought as a habeas action, following exhaustion of his state remedies. <u>See</u> 28 U.S.C. § 2254; <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973); <u>Souder v. McGuire</u>, 516 F.2d 820, 823 (3d Cir. 1975).

Any claim for damages due to unlawful confinement is premature until such time as the judgment pursuant to which Plaintiff is confined has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. <u>See</u> <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

Finally, all claims against the Department of Corrections or the Office of the Commissioner of the Department of Human Services must be dismissed with prejudice. The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State."

As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh

Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute.  See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985).  Section 1983 does not override a state's Eleventh Amendment immunity.  Quern v. Jordan, 440 U.S. 332 (1979).

Title 28 Section 1915(e)(2)(B)(iii) requires this Court to dismiss this action if it "seeks monetary relief from a defendant who is immune from such relief."

In addition, neither states, nor governmental entities that are considered arms of the state for Eleventh Amendment purposes, nor state officers sued in their official capacities for money damages are persons within the meaning of § 1983.  Will v. Michigan Dept. of State Police, 491 U.S. 58, 64, 70-71 and n.10 (1989); Grabow v. Southern State Correctional Facility, 726 F.Supp. 537, 538-39 (D.N.J. 1989) (the New Jersey Department of Corrections is not a person under § 1983).

For the foregoing reasons, all damages claims against the New Jersey Department of Corrections, the Office of the

Commissioner of the Department of Human Services, and against the defendants in their official capacities must be dismissed with prejudice.

## V.  CONCLUSION

For the reasons set forth above, the Complaint must be dismissed.  It does not appear that Plaintiff could cure the deficiencies of the Complaint by amendment at this time.  An appropriate order follows.

s/Stanley R. Chesler
Stanley R. Chesler
United States District Judge

Dated: April 18, 2006